# **EXHIBIT B**

12/30/2020 11:11 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49301932
By: Carolina Salgado
Filed: 12/30/2020 11:11 AM

2020-83379 / Court: 165

CAUSE NO. _____

| | | |
|---|---|---|
| EDEN TESFAI, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FIESTA MART, L.L.C | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant, | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDEN TESFAI, hereinafter referred to as "Plaintiff," in the above entitled and numbered cause, complaining of and against FIESTA MART, L.L.C., hereinafter "Defendant" and for cause of action would show the following unto the Court:

#### A.   DISCOVERY CONTROL PLAN

1. Plaintiff intends that this case be conducted in accordance with a Level 3 Discovery Control Plan, pursuant to Texas Rule of Civil Procedure 190.4.

#### B.   THE PARTIES

2. Plaintiff EDEN TESFAI is an individual who resided in Houston, Harris County, Texas at the time of the events which form the basis of this lawsuit.

3. Defendant, FIESTA MART, L.L.C., is a company doing business in the State of Texas. This defendant may be served citation in this matter by and through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75291.

C.     **JURISDICTION AND VENUE**

5.     Venue is proper and maintainable in Harris County, Texas, since the incident subject of this suit occurred in said County. The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits.

D.     **FACTS**

6.     The subject matter of this suit is a fall incident that occurred in or on the Defendant's premises located at 11240 Fondren Rd., Houston, TX 77096. At all times material to this cause of action, Defendant FIESTA MART, L.L.C. owned, controlled, managed, and/or operated the premises in question. On or about June 29, 2019, Plaintiff EDEN TESFAI was a business invitee, walking in the common areas of the premises of the Fiesta Mart at the above mentioned location, in Houston, Texas, when she suddenly and without warning slipped on a puddle of water and fell hard to the floor. Plaintiff EDEN TESFAI fell on both knees and both hands, causing bruising and injury to her arms, knees, and extremities. There were no warning signs posted in the area to warn shoppers of this dangerous condition, and no equipment or materials for the purposes of preventing or reducing the risk of slipping and/or falling as a result of water dripping on the floor. At all times material to this cause of action, Defendant was responsible for providing a safe area for business invitees, including Plaintiff.

9.     Defendant and its agent, employees, and or representatives were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition. As a result of the fall, Plaintiff sustained serious and permanent personal injuries and damages.

### E. NEGLIGENCE OF THE DEFENDANT

10. Defendant owned, managed, maintained, controlled, and/or exercised control over the premises in question on the day of the incident in question.

11. Plaintiff alleges that upon the occasion in question, Defendant failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

 a. Failure to keep their premises reasonably safe for their customers;

 b. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

 c. Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

 d. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

 e. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

 f. Failure to enforce policies for inspecting the premises for unreasonably dangerous conditions;

 g. Permitting a dangerous condition, of which Defendant should have reasonably been aware, to exist for an unreasonable period of time;

 h. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

 i. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

 j. Failure to adequately train their employees in locating preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

 k. Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

l.  Failure to use or implement products or equipment designed and intended to prevent or reduce the risk of slipping and/or falling as a result of produce or other substances on the floor area in question.

Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### F. RESPONDEAT SUPERIOR

12  At all relevant times herein, all of the agents, servants, or employees of Defendant who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendants and renders Defendants liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior*.

### G. NEGLIGENCE OF THE DEFENDANTS' EMPLOYEES

14.  Plaintiff alleges that upon the occasion in question, the Defendant's employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

a.  Failure to keep the premises reasonably safe for its customers;

b.  Failure to reasonably and adequately inspect the floor area in question for any unreasonably dangerous conditions;

c.  Failure to use or implement products or equipment designed and intended to prevent or reduce the risk of slipping and/or falling as a result of produce or other substances on the floor area in question

d.  Failure to take proper and reasonable actions to eliminate any unreasonably dangerous conditions; and

e.  Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge

Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## I. DAMAGES

15. As a direct and proximate cause of the acts and omissions set out above, Plaintiff sustained injuries in the collision made the basis of this suit. From the date of the occurrence in question until the time of trial of this case, those elements of damages should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each of the elements as follows:

   1. Monetary relief of over $100,000 but not more than $250,000;
   2. physical pain and mental anguish in the past and future;
   3. physical disfigurement in the past and future;
   4. physical impairment in the past and future;
   5. medical expenses in the past and future;
   6. exemplary damages; and
   7. all other damages allowed by law and equity.

## J. PRE-JUDGMENT INTEREST

16. Plaintiff would additionally show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

### K.  REQUEST FOR DISCLOSURE

17. Under the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a-l) Plaintiff intends on using all documents produced by any and all Defendant as self-authenticated at trial in accordance with Tex. R. Civ. P. 193.7

### L.  PLAINTIFF'S REQUEST FOR JURY TRIAL

18. Plaintiff hereby requests this case be heard by a Jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be duly cited to appear and answer herein and that, upon final trial of this cause, that Plaintiff recover judgment against the Defendant, for Plaintiff's damages, for costs of court, for pre- and post-judgment interest as provided by law, and for such other further relief, both general and special, at law or in equity, to which Plaintiff may show to be justly entitled.

Respectfully submitted,

MAIDA LAW FIRM

SAM A. MAIDA, JR.
State Bar No. 00787950
*smaidajr@maidalawfirm.net
**GABRIEL DE VEGA**
State Bar No. 24069585
*gdevega@maidalawfirm.net
8313 Southwest Freeway, Suite 102
Houston, Texas  77074
Telephone    (713) 785-9434
Facsimile    (713) 583-7099
*ATTORNEYS FOR PLAINTIFF*

Case 4:21-cv-00402   Document 1-2   Filed on 02/05/21 in TXSD   Page 8 of 9

1/21/2021 9:36 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49892034
By: Joshua Bovell
Filed: 1/21/2021 9:36 AM

CAUSE NO. 2020-83379

| | | |
|---|---|---|
| EDEN TESFAI | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| FIESTA MART LLC | § | |
|     Defendants. | § | |
| | § | |
| | § | 165th   JUDICIAL DISTRICT |

## DEFENDANT FIESTA MART LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.   Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Jury Demand

2.   Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### III.   Request for Disclosure

3.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

### IV.   Prayer

FOR THESE REASONS, Defendant FIESTA MART LLC, respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART LLC, and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recovers all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

        Respectfully submitted,

        MEHAFFYWEBER, P.C.

        By:/s/*Maryalyce W. Cox*
        Maryalyce W. Cox
        State Bar No. 24009203
        One Allen Center
        500 Dallas, Suite 2800
        Houston, Texas  77002
        Telephone  - (713) 655-1200
        Telecopier  - (713) 655-0222
        maryalycecox@mehaffyweber.com

        ATTORNEYS FOR DEFENDANT
        FIESTA MART LLC

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on January 21, 2021, pursuant to the Texas Rules of Civil Procedure.

        *Maryalyce W. Cox*
        Maryalyce W. Cox